IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER TERREL PURNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:22CV80 |
| ) | 1:18CR235-1 |
| UNITED STATES OF AMERICA, ) | 1:18CR356-1 |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (1:18CR356-1, Docket Entry 17; 1:18CR235-1, Docket Entry 26) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner pled guilty to four counts of interference with commerce by robbery and was sentenced to 135 months of imprisonment. (1:18CR356-1, Docket Entry 11; 1:18CR235-1, Docket Entry 20.) Judgment was entered on May 6, 2019. (*Id.*) Petitioner did not appeal, but instead filed on June 18, 2020, a First Step Act motion dated June 3, 2020, to reduce his sentence, which was denied on July 29, 2020. (1:18CR356-1, Docket Entries 13, 14, 16; 1:18CR235-1, Docket Entries 22, 23, 25.) Petitioner then executed the instant motion on January 26, 2022, and filed it with the Court on January 28, 2022. (1:18CR356-1, Docket Entry 17; 1:18CR235-1, Docket Entry 26.) The Government then filed a motion to dismiss. (1:18CR356-1, Docket Entry 20; 1:18CR235-1, Docket Entry 29.) Petitioner filed a motion for an extension of time to file a response[1] (1:18CR235-1, Docket Entry 31), a response

---

[1] The Court grants this motion for good cause having been shown and deems Petitioner's response timely filed.

(1:18CR356-1, Docket Entry 23; 1:18CR235-1, Docket Entry 32), a motion to amend (1:18CR356-1, Docket Entry 24), and a supplement (1:18CR356-1, Docket Entry 25; 1:18CR235-1, Docket Entry 33). This matter is now prepared for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## **GROUNDS FOR RELIEF**

Petitioner contends that his pre-trial and sentencing counsel were constitutionally ineffective for a number of reasons. (1:18CR356-1, Docket Entry 17, Grounds One and Two; 1:18CR235-1, Docket Entry 26, Grounds One and Two.) More specifically, Petitioner contends that pretrial counsel "fail[ed] to communicate with [Petitioner] and correctly inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial." (1:18CR356-1, Docket Entry 18 at 10; 1:18CR235-1, Docket Entry 27 at 10.) Petitioner also contends that counsel failed "to attempt to negotiate a more favorable plea agreement," failed to "properly argue objections to the PSR," and failed "to file a notice of appeal." (*Id.* at 12-20.) As explained below, these arguments are time-barred.

**A. Petitioner's Grounds Are Time-Barred.**

Respondent requests dismissal, asserting that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). (1:18CR356-1, Docket Entry 20; 1:18CR235-1, Docket Entry 29.) The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

2

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. When a defendant does not file an appeal, his conviction becomes final fourteen days after the entry of judgment. *Clay v. United States*, 537 U.S. 522, 524-27 (2003); Fed. R. App. P. 4(b)(1)(A). Here, based on the May 6, 2019, entry of judgment in this case (1:18CR356-1, Docket Entry 11; 1:18CR235-1, Docket Entry 20), and allowing for the time in which Petitioner could (but did not) appeal, a timely § 2255 motion would have been filed no later than May 20, 2020. Petitioner instead filed it in late January of 2022, more than eighteen months late. (1:18CR356-1, Docket Entry 17; 1:18CR235-1, Docket Entry 26.) Petitioner's motion was therefore more than one year late under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.[2]

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his motion. Therefore, subsection two does not give Petitioner a longer limitation period.

---

[2] Petitioner dated his First Step Act pleading on June 3, 2020, and filed it on June 18, 2020. (1:18CR356-1, Docket Entry 13; 1:18CR235-1, Docket Entry 22.) It is also untimely for § 2255 purposes, *see* 28 U.S.C. § 2255(f)(1)-(4), because it was filed after the expiration of Petitioner's one year period to file in late May of 2020. Additionally, even if for some reason Petitioner's one year limitations period were assumed to start from when the Court denied Petitioner's First Step Act motion on July 29, 2020 (which is not the case), and then expired one year later on July 29, 2021, Petitioner did not file the instant § 2255 motion until January of 2022. Moreover, as explained in the Recommendation adopted by the Judgment dismissing Petitioner's First Step Act motion, "issues regarding the running of the statute of limitations in this case," were to be "litigate[d] . . . following any refiling by Petitioner." (1:18CR356-1, Docket Entries 13, 14, 16; 1:18CR235-1, Docket Entries 22, 23, 25.) Additionally, Petitioner's First Step Act motion was dismissed without prejudice to Petitioner "promptly" filing a § 2255 motion, which Petitioner clearly failed to do. (1:18CR356-1, Docket Entries 13, 14, 16; 1:18CR235-1, Docket Entries 22, 23, 25.) Petitioner's First Step Act proceeding has no impact here.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not mention any such case. Petitioner's motion is not timely under § 2255(f)(3).

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner fails to demonstrate how this subsection is relevant, nor does the Court see how it could be relevant. Therefore, this subsection also does not apply, and Petitioner's motion is untimely.

The Supreme Court has also determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not request equitable tolling and the Court does not see how or why it would apply here. Petitioner's grounds for relief are time-barred and should therefore be dismissed.

### B. Petitioner's Supplement Warrants No Relief.

Petitioner has also filed a supplement stating the following, "This missive is in reference to the Mandate issued by President Biden. I now believe that I qualify for relief because a prior simple possession of marijuana conviction was used to enhance my federal sentence." (1:18CR356-1, Docket Entry 25; 1:18CR235-1, Docket Entry 33)

4

On October 6, 2022, President Biden issued a Presidential Proclamation in which he pardoned "all current United States citizens and lawful permanent residents who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. § 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48-904.01(d)(1), on or before the date of this proclamation." *See* https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/ (last accessed on March 3, 2023). Here, Petitioner's criminal history contains no prior federal or District of Columbia marijuana convictions, only a marijuana conviction from North Carolina. (1:18CR235-1, Docket Entry 16, §§ 73-76; 1:18CR356-1, Docket Entry 8, §§ 73-76.) Consequently, this proclamation has no impact on Petitioner's case.

### C. Petitioner's Motion to Amend Is Denied.

Next, Petitioner has filed a motion to amend seeking to raise a new claim contending that he is entitled to relief under a case decided by the Supreme Court on June 10, 2021, *Borden v. United States*, 141 S. Ct. 1817 (2021). (1:18CR356-1, Docket Entry 24.) "Defendant contends that under *Borden* any offense that can be committed with a mens rea of recklessness is not a crime of violence, therefore his convictions for Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) are not crimes of violence." (*Id.* at 1.) Petitioner contends that "his violation of the Hobbs Act was committed with a mens rea of recklessness and *Borden* held that an offense with a mens rea of recklessness cannot qualify as a violent felony." (*Id* at 2.) This motion is denied on the grounds of futility. Not only is Petitioner's proposed new claim time-barred (it was filed more than one year after the Supreme Court decided *Borden*) but it also fails on the

5

merits because the Untied States Court of Appeals for the Fourth Circuit has concluded that "Hobbs Act robbery cannot be committed recklessly." *United States v. Ivey*, --- F.4th ----, 2023 WL 198238, *12 (4th Cir. 2023). *See United States v. Hodge*, 26 Fed. Appx. 310, at *1 n.* (4th Cir. 2002) ("We note that the district court did not abuse its discretion by denying Hodge's motions to amend his § 2255 motion as such amendments would have been futile.").

## CONCLUSION

**IT IS THEFORE ORDERED** that Petitioner's motion to amend (1:18CR356-1, Docket Entry 24) be **DENIED** and motion for an extension of time to file a response (1:18CR235-1, Docket Entry 31) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that the Government's motion to dismiss (1:18CR356-1, Docket Entry 20; 1:18CR235-1, Docket Entry 29) be **GRANTED**, Petitioner's motion (1:18CR356-1, Docket Entry 17; 1:18CR235-1, Docket Entry 26) to vacate, set aside, or correct sentence be **DISMISSED**, and that judgment be entered dismissing the action.

/s/ Joe L. Webster<br>
Joe L. Webster<br>
United States Magistrate Judge

March 7, 2023
Durham, North Carolina